CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
MAY 02 2014
JULIA C. DUDLEY, CLERK
BY:
DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
### ROANOKE DIVISION

|  |  |
|---|---|
| ADIB EDDIE RAMEZ MAKDESSI | ) Case No. 7:11CV00262 |
|  | ) Case No. 7:13CV00079 |
|  | ) Case No. 7:14CV00034 |
| Plaintiff, | ) |
| v. | ) **MEMORANDUM OPINION** |
|  | ) |
| HAROLD CLARKE, <u>ET AL.</u>, | ) By: Glen E. Conrad |
|  | ) Chief United States District Judge |
| Defendant(s). | ) |

Plaintiff Adib Eddie Ramez Makdessi has filed a pleading that he entitles: "PRIOR NOTICE and complaint; Proof for Need to have Emerg[e]ncy Order of Protection and Prior Notice."[1] Makdessi complains that River North Correctional Center ("RNCC") officials have designated several gangster inmates in the protective custody unit as "delegates" and "representatives," and directed them to make a plan to "get rid" of Makdessi, because he is a snitch who complains all the time. Makdessi lists numerous instances in February, March, and April 2014, of gangsters demonstrating their power to fight, threaten, sexually harass, and extort or steal commissary and other items or services from other inmates in the unit, allegedly with the knowledge and acquiescence of the unit manager and investigator. Although Makdessi alleges reporting such conditions to officials, he claims no one has investigated the situation. Makdessi states that because he does not want to go to segregation, he has not "pushed" these issues at RNCC, but is writing instead to the Virginia Department of Corrections ("VDOC") director and the court for help.

---

[1] In the heading of his motion, Makdessi lists the three cases referenced in the heading of this order: Case No. 7:11CV00262, about events at Wallens Ridge State Prison, which is now on appeal; Case No. 7:13CV00079, which seeks damages for injuries to his shoulder at Keen Mountain Correctional Center; and Case No. 7:14CV00034, raising complaints about his transfer to the protective custody unit at River North Correctional Center.

The court construes Makdessi's submission as a motion seeking interlocutory injunctive relief directing the VDOC director and unnamed subordinates to take steps to protect Makdessi from ongoing gang activities and threatened violence within the RNCC protective custody unit. "[A] preliminary injunction may never issue to prevent an injury or harm which not even the moving party contends was caused by the wrong claimed in the underlying action." Omega World Travel v. TWA, 111 F.3d 14, 16 (4th Cir. 1997); In re Microsoft Antitrust Litig., 333 F.3d 517, 526 (4th Cir. 2003).

Makdessi does not allege that the potential harm he seeks to prevent through an interlocutory injunction arises directly from the past wrongs he has claimed against officials in any of the three cases he cites. Rather, Makdessi alleges a new claim—that the director and unnamed RNCC officials know inmate gangsters control and intimidate the other inmates in the RNCC protective custody unit, but take no steps to alleviate these conditions. Therefore, while his motion for interlocutory relief must be denied each of his three pending cases, the court will direct the clerk to file the motion as a new and separate civil action. An appropriate order will issue this day.

The Clerk is directed to send a copy of this order to the plaintiff and to counsel of record for the defendants.

ENTER: This 2nd day of May, 2014.

/s/ Glen Conrad
Chief United States District Judge